GENERAL ELECTRIC COMPANY, a corporation of the State of New York,

Plaintiff,

*vs.*

PHILLIP KLEIN, trading as PHIL'S DISTRIBUTORS,

Defendant.

*New Castle, December 28, 1956.*

*H. James Conaway, Jr.,* of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

*David N. Snellenburg, II,* of Killoran & VanBrunt, Wilmington, for defendant.

SEITZ, Chancellor: Subsequent to the entry of a permanent injunction restraining the defendant from violating plaintiff's fair trade program, the defendant filed two motions in the action. The first seeks to have the court vacate the existing permanent injunction on the ground that defendant's competitors are giving trading stamps in connection with the sale of plaintiff's products; that plaintiff is paying a portion of the cost of so advertising; that such action constitutes a concession in violation of the Act and amounts to a discount; that the injunction prohibits the defendant from giving similar discounts; that in consequence the injunction should be lifted because it renders defendant subject to an unwarranted competitive disadvantage.

Plaintiff's answer denies the essential allegations of defendant's motion and raises certain affirmative defenses.

Subsequently, defendant filed a second motion asking that the permanent injunction be construed to permit him to offer trading stamps and/or U. S. savings stamps in connection with his sale of plaintiff's fair traded products. Once again, plaintiff filed an answer denying the essential allegations of the motion.

The parties subsequently stipulated that the motions and answers gave rise to three questions. Because the first two questions challenged defendant's right to obtain decisions on the merits of his applications, they agreed that the court should initially decide those questions. This then is the decision on the following two questions:

1. Having been adjudged guilty of contempt of the permanent injunction, is the defendant equitably entitled to move to have the same vacated, modified or construed, in accordance with the prayers of the motions filed herein?

2. Having failed to show that the practice of offering and giving trading stamps in connection with sales of the plaintiff's fair-traded products in Delaware did not exist prior to and at the date of the permanent injunction entered herein, is the defendant therefore estopped by the said permanent injunction to pray its vacation, modification or construction so as to permit such practice on the defendant's part?

Plaintiff recognizes the power of the Court, in the exercise of its sound discretion, to vacate, modify or construe a permanent injunction.

I first consider whether defendant is precluded from seeking the relief requested because he has been adjudged guilty of contempt.

Plaintiff narrates at length the numerous twists and turns of the defendant during the long period between the granting of the permanent injunction and the filing of the motions in question. They show many vigorous attempts by defendant to further his own interests. But, basically, plaintiff's defense is based on the fact that defendant has been found guilty of contempt arising out of a violation of the very permanent injunction which he here seeks to have vacated, modified or construed. See *State v. Klein*, 35 *Del.Ch.* 576, 123 *A.2d* 740, *affd. Klein v. State and Gen Electric, ante p.* 111, 127 *A.2d* 84.

Is defendant to be forever foreclosed from seeking relief with respect to the permanent injunction because of his contempt? We commence the analysis with a realization that this is the type of permanent injunction which has a continuing effectiveness. In consequence, defendant must tread softly in his future actions or run the risk of a second contempt. It must be assumed, moreover, that the defendant has been appropriately punished for his contempt. There is nothing to suggest that the contempt is continuing. Indeed, the filing of these motions indicates a determination to pursue the proper course of conduct.

Plaintiff points out that defendant is the moving party and that he comes into court with unclean hands. In this connection plaintiff cites 2 *Pomeroy's Equity Jurisprudence* (*5th ed.*), § 398 for the proposition that a Court of Equity will shut its doors against a party seeking relief where it appears that such party has violated conscience, or good faith or other equitable principles in his prior conduct. There can be no quarrel with the wisdom and vitality of the principles announced by Pomeroy. They deal with a different stage of litigation. The repentant sinner, especially where he has been duly punished, is not unwelcome in equity. The religious connotation of many of the equitable principles mentioned by Pomeroy militates against a determination that a party in contempt who is duly punished, is forever an outcast in equity.

I conclude that, under the circumstances, the defendant's contempt does not bar him from seeking the relief requested in his motions.

I next consider plaintiff's contention that the defendant is estopped to raise the questions incorporated in his motion because he has failed to allege that the practice of offering and giving stamps did not exist as to plaintiff's products prior to and at the date of the permanent injunction. I pass over any pleading problem.

Plaintiff's argument goes like this: Since defendant does not allege to the contrary, it must be assumed that the practice of giving trading stamps in connection with the sale of plaintiff's products by defendant's competitors existed at and before the entry of the per-

manent injunction here involved; this being so, the defendant is not now entitled to relief with respect thereto because in order to obtain the relief here sought he must show that the practice commenced after the entry of the injunction. Otherwise stated, plaintiff claims that defendant is estopped to raise the questions because he could have done so at the time of the entry of the injunction. Plaintiff relies upon the analogy of estoppel by judgment.

The parties agree that the permanent injunction now outstanding against defendant in effect follows the provisions of the *Delaware Fair Trade Act,* 6 *Del.C.* § 1901 *et seq.* The defendant is by that injunction prohibited from taking any action which would violate the Act. Thus, defendant is enjoined from giving stamps, if to do so would violate the Act. But the question of the legality of giving stamps under the Act has not been decided in Delaware and is not free from doubt. It would therefore seem clear, without regard to what other merchants may have done, that the defendant is entitled to be told for the future whether the giving of stamps would violate the injunction and thus place him in contempt once again. I do not view this as a frivolous request and plaintiff does not so suggest.

The defendant was presumably not interested in giving stamps at the time the injunction was issued and thus had no interest in raising the issue of its legality under the Act. I must now presume that it is of importance to him. It is therefore no answer to defendant's application for a construction of the injunction to say that defendant knew when the injunction issued that stamps were being given by his competitors in connection with the sale of plaintiff's fair traded products. This is so because defendant is entitled to know whether his contemplated acts will violate the Act and thus run afoul of the injunction.

I conclude that defendant is entitled to have the injunction and the Act construed.

Defendant argues in effect that even if the Act and thus the injunction be construed to prohibit the giving of stamps, the plaintiff should not be permitted to enforce the injunction because plaintiff has not "policed" the marketing of its own products, and indeed has itself participated in the illegal activity. Plaintiff vigorously denies this.

If the Act prohibits stamp plans, in whole or in part, then evidence, such as that alleged by defendant, would be material. This is so because of plaintiff's duty to take reasonable steps to police its market and abide by the Act if it seeks to secure its benefits. Compare *Lionel Corp. v. Klein,* 35 *Del.Ch.* 218, 114 *A.2d* 652. However, as plaintiff points out, defendant should not now be permitted to use for this purpose evidence which was reasonably available to him when the injunction was issued. Otherwise, defendant could assert his defenses piecemeal.

To the extent, if any, that the Act prohibits the giving of stamps it, and therefore the injunction, will be enforced unless defendant can produce appropriate evidence, not reasonably available at the injunction date, tending to show that plaintiff has failed to take reasonable steps to police its market or has itself participated in activities which are contrary to the statute. Subject to the foregoing limitation the plaintiff's second objection to the defendant's motions is without merit.

Order on notice.